|    |    |    |
|----|----|----|
| | UNITED STATES DISTRICT COURT | |
| | EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| KEVIN HUGHEY and JESSICA HUGHEY, individually and on behalf of minor child G.H., <br><br> Plaintiffs, <br><br> v. <br><br> ARTURO CAMACHO, DAN DRUMMOND, THOMAS McDONALD, WEST SACRAMENTO POLICE DEPT., CITY OF WEST SACRAMENTO, TODD SOCKMAN, JASON WINGER, LABIN WILSON, TYLER RAINEY, ANDREA DONAHUE, CODY COULTER, CHRIS RICE, MATT BOUDINOT, and RICH BENTLEY, <br><br> Defendants. | No. 2:13-cv-02665-TLN-AC <br><br> **MEMORANDUM AND ORDER** |

By way of this action, Plaintiffs Kevin Hughey, Jessica Hughey, and their minor child G.H. ("Minor" or "G.H.") (collectively "Plaintiffs") seek redress from Defendants West Sacramento Police Department ("WSPD"), the City of West Sacramento (the "City"), and numerous individually named persons (collectively, "Defendants"), for damages arising from Defendants' conduct of November 9, 2013. Plaintiffs Kevin and Jessica Hughey additionally seek damages from the WSPD, the City, and individuals (some of whom are included in this case as well) in related case 2:14-cv-00037-TLN-AC (the "Related Action"), for damages arising from

1

Defendants' conduct of July 9, 2012. The parties have entered into a tentative global resolution that will settle both matters and, by way of the Motion for Approval of Settlement and Compromise of Minor's Claims presently before the Court, seek the Court's approval of the settlement terms as they pertain to the minor, G.H. (ECF No. 72.) For the reasons set forth below, Plaintiff's unopposed Motion (ECF No. 72) is GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

In July 2012, a former WSPD police officer unlawfully entered Plaintiffs' home, discharged his firearm, and shot Plaintiff Kevin Hughey. The details of that encounter are not relevant here, except to note that an internal affairs investigation later deemed the shooting to be excessive and unjustified. Mr. Hughey survived, but—according to Plaintiffs' pending Motion—has experienced "catastrophic physical, emotional, mental, and financial harm" as a result of the shooting. (ECF No. 72-1 at 2.) Officer Wright, who fired the shot, was terminated from WSPD and is presently a defendant in the Related Action. Jessica Hughey was nine months pregnant with the minor Plaintiff at the time of the shooting in 2012.

The instant action arises from Plaintiffs' second encounter with WSPD, one year after the officer-involved shooting. 9-1-1 was dispatched to the Hughey's home upon Ms. Hughey's call after Mr. Hughey was injured in a fall. Mr. Hughey declined medical treatment, but for reasons unknown, dispatch advised WSPD of the incident and officers responded to the Hughey's home. The parties are intimately familiar with the course of events that ensued, so the Court will not recount that information here. Suffice it to say that according to the Complaint, officers relentlessly harassed the Hugheys by, among other things, ordering them to stay outside, drawing their guns, and refusing to leave the premises. G.H was approximately one year old and present at the time of these events.

As a result of his presence only at the events of 2013, and not those of 2012, G.H. alleges the following causes of action: (1) assault; (2) negligence; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) intrusion (invasion of privacy); (6) false

---

[1] The following recitation of facts is derived from Plaintiffs' operative Third Amended Complaint (ECF No. 52), and Plaintiffs' pending Motion (ECF No. 72).

2

imprisonment; (7) trespass to land; (8) violation of civil rights under 42 U.S.C. § 1983. G.H. does not remember the incident, was not physically harmed, and did not require medical or psychiatric care as a result of the incident.

The parties have conditionally agreed to settle both actions (the present action stemming from the 2013 incident and the Related Action stemming from the 2012 shooting) for a total of $4,800,000.00. Plaintiffs' Motion requests that the entire settlement amount be allocated to Plaintiffs Kevin and Jessica Hughey, and that none be allocated to their minor child, G.H. Mr. and Mrs. Hughey indicate that they intend to use the settlement money to pay down debt, purchase a new home, and invest. All of which, they claim, will substantially benefit G.H.

Plaintiffs have agreed to pay a total compensation of $870,000.00 to their attorneys for their work in both related cases. That sum represents approximately 18% of the total settlement. G.H. is represented on a contingency basis, and the attorneys have expressly waived any compensation due as a result of their representation of the Minor.[2]

## II. STANDARDS OF LAW

This Court has a special duty to safeguard the interests of litigants who are minors. *See* Fed.R.Civ.P. 17(c) (addressing representation for minors and incompetents). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir.2011); *quoting Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir.1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, [ ] even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem") (internal citation omitted). The Court's inquiry must determine whether the "net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the specific facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. "So long as the net recovery to each minor plaintiff

---

[2] This agreement makes sense because the Minor is represented on a contingency basis and, per the settlement agreement, he is technically receiving no award.

3

is fair and reasonable . . . the district court should approve the settlement as proposed by the parties." *Id.* The court must "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel." *Id.*

Similarly, Local Rule 202 addresses settlements for minors and provides in pertinent part:

> **(b) Settlement.** No claim by ... a minor ... may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> . . .
>
> **(2) Approval in All Other Actions.** ... The application [for **minor's compromise**] shall disclose, among other things, the age and sex of the minor ..., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent . . . .
>
> . . .
>
> **(c) Disclosure of Attorney's Interest.** When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> **(e) Payment of Judgment.** Whenever money or property is recovered on behalf of a minor . . . the money or property will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . .

**III. ANALYSIS**

A. Procedural Requirements

Based upon a review of Plaintiffs' Motion for Approval of Settlement and Compromise of Minor's Claims (ECF No. 72), the Court finds Plaintiffs have met the procedural requirements of Local Rule 202(b)(2) and (c). Specifically, Plaintiffs have identified the Minor, G.H., as a six-

4

year-old male; and have identified the claims to be settled in the pending action, all relevant background facts, and the manner in which the proposed settlement was determined. (*See* ECF No. 72 at 2, 72-1.) Plaintiffs' Motion also identifies the Minor's attorneys, the nature of the representation, and the agreement that any compensation due to the Minor's attorneys by virtue of their representation of the Minor is waived. (ECF No. 72-1 at 6.)

B. <u>Fair and Reasonable</u>

The Court finds the proposed settlement is in the best interest of the Minor, and is fair and reasonable in light of the specific facts of the case and the Minor's specific claims at issue here. *See Robidoux*, 638 F.3d at 1181-82. Because the settlement proposes awarding nothing to G.H., the Court has closely examined the circumstances giving rise to the agreement. Indeed, G.H. is only a party to one of two related actions, and it is clear to the Court that the more serious harm occurred as a result of the events of the Related Action to which G.H. is not a party. Moreover, as discussed above, G.H. was one-year-old at the time of the incident, was not physically injured, did not and does not require psychiatric care as a result of the incident, and does not remember the events described. Consequently, it appears he would only be entitled to nominal damages, if any. In fact, even his case for nominal damages is not strong, as Plaintiffs concede (*see* ECF No. 72-1 at 8-9).

As for recovery in similar cases, Plaintiffs point to two cases in which minors were awarded $3,750 and $2,000, respectively, in actions involving municipal officers. (*See* ECF 72-1 at 9.) These amounts are obviously greater than the $0 awarded to G.H. in the present case. In those cases, however, the minors were older, remembered the events giving rise to the actions, and suffered emotional damage as a result. *Parson v. City of Bakersfield,* No. 1:07cv01468 OWW DLB, 2009 WL 453118 (E.D. Cal. Feb. 23, 2009) (approving settlement of $3,750 to minor who woke up and realized that his father had been shot by police officer); *Hearn v. Philadelphia Police Officer Fuss*, No. Civ.A.02-3525, 2004 WL 345412 (E.D. Penn. Feb. 23, 2004) (approving settlement of $2,000 each to minors who suffered emotional distress after witnessing police officers enter home and use excessive force against their father). Given these

importantly distinguishing facts, the proposed award here is fair and reasonable as compared to those cases.[3]

C. Attorneys' Fees

It appears the only relevant inquiry here concerns the attorneys' fees to be awarded in connection with the representation of G.H., which fees are appropriately waived based on the contingency agreement and G.H.'s ultimate award of $0. This arrangement is reasonable. To the extent the Court should consider the total attorneys' fees award for settlement of both related cases involving G.H.'s parents, that award represents 18% of the global settlement. In this District, 25% of the recovery has been considered a reasonable benchmark for attorneys' fees in contingency cases involving minors, so the proposed fee of 18% is reasonable here. *See, e.g.*, L.A. v. Kern High School District, No. 1:17-cv-01123-DAD-JLT, 2019 WL 1099983 (E.D. Cal. March 8, 2019) (citing multiple Eastern District cases).

**IV. CONCLUSION**

For the reasons set forth above, the unopposed Motion for Approval of Settlement and Compromise of Minor's Claims (ECF No. 72) is GRANTED.

IT IS SO ORDERED.

DATED: MARCH 13, 2019

_____
Troy L. Nunley
United States District Judge

---

[3] It is worth noting that Plaintiffs do not cite to a single case, and the Court has not found one, in which the parties sought approval of a minor's compromise where the minor plaintiff was awarded $0. This may be because parties in more similar cases simply stipulated to the dismissal of the minor or dismissal of the entire action, which the parties here could have done. The approach taken here, however, is more transparent and gives the Court no cause for concern.

6